UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MICHAEL DEAN OVERSTREET, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:08-CV-226 PS |
| | ) | |
| SUPERINTENDENT, | ) | DEATH PENALTY CASE |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Michael Dean Overstreet, a state prisoner, filed a notice of intent to file a first federal habeas corpus petition pursuant to 28 U.S.C. § 2254 [DE 1] and motion for appointment of counsel [DE 2]. He also filed a motion to proceed *in forma pauperis* [DE 5].

Overstreet was convicted of murder, rape, and criminal confinement by the Johnson Superior Court. He is currently housed at the Indiana State Prison under a sentence of death. This Court has concurrent jurisdiction (with the United States District Court for the Southern District of Indiana) to entertain his habeas corpus petition pursuant to 28 U.S.C. § 2241(d) because the Johnson Superior Court lies within the geographical boundaries of the Southern District and the Indiana State Prison lies within the geographical boundaries of the Northern District.

Overstreet seeks leave to proceed *in forma pauperis*. He states that he is unable to prepay the $5.00 fee for filing a habeas corpus petition. His attached inmate trust fund ledger shows that he had $74.79 on May 6, 2008. It also shows that he has received between $40.00 and $165.00 a month for the past six months, a total of $727.28, an average of $121.21 per month. Though Overstreet is unable to afford to retain an attorney, he is not unable to afford the

$5.00 filing fee.  Therefore his *in forma pauperis* petition will be granted in part and denied in part.

Overstreet has located counsel on his own and asks the Court to appoint them to represent him.

> In any post conviction proceeding under section 2254 . . . seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation . . . shall be entitled to the appointment of one or more attorneys. . . .

18 U.S.C. § 3599(a)(2).  "Overstreet seeks the appointment of Laurence E. Komp and Marie F. Donnelly to prepare his petition for a writ of habeas corpus and represent him [during the] proceedings on that petition."  (DE 2 ¶ 5.)  Both of these attorneys are experienced habeas corpus death penalty litigators and their past practice before this Court demonstrates that they understand the statutory constraints imposed by 28 U.S.C. § 2254(d).  There is no reason to doubt that they are able to squarely explain in the habeas corpus petition why the determinations of the Indiana Supreme Court are contrary to clearly established opinions of the United States Supreme Court, or are based on an unreasonable determination of the facts.  Due to the complexity of this case, the Court is satisfied that good cause has been shown for the appointment of a second attorney pursuant to 18 U.S.C. § 3599(d).  Nevertheless, no showing has been made concerning any need for investigative, expert, or other services, therefore no payments are authorized for those services pursuant to 18 U.S.C. § 3599(f).

Marie F. Donnelly is admitted to practice before this Court and therefore the motion for appointment of counsel will be granted as to her and she will be appointed to represent Overstreet.  Laurence E. Komp is not admitted to practice before this Court, nor has he sought to be admitted *pro hoc vice*.  Therefore the motion for appointment of counsel will be denied as to

him.  Nevertheless, he has appeared before this Court *pro hoc vice* in other cases and he is otherwise qualified to be appointed in this case.  Therefore he may renew the motion for appointment of counsel with his request for admission and payment of the appropriate fee.

For the foregoing reasons, the Court:

(1) **DENIES IN PART** the *in forma pauperis* petition [DE 5] as it relates to the filing fee;

(2) **ORDERS** Michael Dean Overstreet to pay $5.00 to the Clerk of this Court;

(3) **ORDERS** the facility having custody of **Michael Dean Overstreet, IDOC # 993801**, to deduct **$5.00** from his inmate trust account and forward it to the Clerk of this Court in payment of the filing fee;

(4) **GRANTS IN PART** the *in forma pauperis* petition [DE 5] as it relates to the appointment of counsel;

(5) **GRANTS IN PART** the motion for appointment of counsel [DE 2] as it relates to Marie F. Donnelly;

(6) **APPOINTS** Marie F. Donnelly pursuant to 18 U.S.C. § 3599(b);

(7) **DENIES IN PART** the motion for appointment of counsel [DE 2] as it relates to Laurence E. Komp;

(8) **GRANTS** Laurence E. Komp leave to renew the motion for appointment of counsel with his request for admission and payment of the appropriate fee;

(9) **DENIES** reimbursement for investigative, expert, or other services pursuant to 18 U.S.C. § 3599(f);

(10) **DIRECTS** the Clerk of Court to send a copy of this order to the Inmate Trust Fund Department at the facility where the petitioner is housed; and

(11) **DIRECTS** the Clerk of Court to send a copy of Northern District of Indiana Local Criminal Rule 47.2 and Seventh Circuit Rule 22 along with a copy of this Order to Marie F. Donnelly and Laurence E. Komp.

**SO ORDERED**.

ENTERED: May 12, 2008

s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT
